


U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JD:DJL
F. #2018R00266

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 6, 2019

<u>By ECF</u>

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Sergey Demidenko
       <u>Criminal Docket No. 18-104 (PKC)</u>

Dear Judge Chen:

   The government respectfully submits this letter in advance of the defendant Sergey Demidenko's sentencing, which is scheduled for February 8, 2019 at 10:00 a.m.

I. <u>Facts</u>

   From in or about January 2016, the defendant participated in the robberies or attempted robberies of at least 6 bank branches in the Eastern District of New York and the District of New Jersey. (Presentence Investigation Report ("PSR") ¶¶ 1-17). The defendant robbed these banks with his co-defendant, James Boccanfusco.[1] <u>Id.</u> Together, the two robbed:

- Capital One Savings Bank, located at 516 Fifth Avenue, Brooklyn, New York on January 16, 2018;
- Chase Bank, located at 447 Martin Truex Jr. Boulevard, Manahawkin, New Jersey on January 18, 2018;
- Wells Fargo Bank, located at 273 West White Horse Pike, Galloway Township, New Jersey on January 24, 2018; and

---

[1] Demidenko's co-defendant, James Boccanfusco, was the getaway driver for these robberies. The Court sentenced Boccanfusco to 70 months' imprisonment. (ECF No. 35).

- Roslyn Savings Bank, located at 6199 Sunrise Highway, Massapequa, New York on January 25, 2018.

Id. at (¶¶ 10-15) Additionally, Demidenko, along with his co-defendant, attempted to rob another Chase Bank branch on January 25, 2018, located at 1722 Avenue U in Brooklyn, New York as well as another Wells Fargo branch, located at 297 West Route 72 in Manahawkin, New Jersey on January 26, 2018.

Following his arrest on January 30, 2018, Demidenko admitted his conduct in a post-arrest statement given to law enforcement. Id. at ¶ 16. He also stated that after robbing these banks, instilling fear in the tellers, he and Boccanfusco drove to Atlantic City, New Jersey to gamble away the proceeds of their crimes. Id.

On June 16, 2018, the defendant pleaded guilty to six counts of bank robbery. He has been incarcerated since his January 30, 2018 arrest.

## II. Guidelines Calculation

The government and the defendant entered into a plea agreement (the "Plea Agreement") which estimated the defendant's likely adjusted offense level under the Guidelines to be 26. The Guidelines calculation set forth in the Plea Agreement assumed:

| | |
|---|---|
| Base Offense Level (§ 2B3.1(a)) | 20 |
| Plus: Property of Financial Institution Taken (§ 2B3.1(b)(1)) | +2 |
| Minus: Acceptance of Responsibility (§ 3E1.1(a) and (b)) | -3 |
| Plus: Multiple Units (§ 3D1.4) | +4 |
| Total: | <u>23</u> |

(Plea Agreement ¶ 2). This calculation assumed that the defendant's criminal history placed him in the Criminal History Category I. This calculation yielded a Guidelines range of imprisonment of 46 to 57 months. (Id.)

The Probation Department arrived at a slightly different calculation under the Guidelines, finding that the defendant's total adjusted offense level is 24, based on adding an additional grouping point, for a Guidelines range or imprisonment of 51 to 63 months. The government agrees that this is the proper Guidelines calculation.

## IV. The Appropriate Sentence

The government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing. (See 18 U.S.C. § 3553(a)). In this case, the government requests that the defendant be sentenced to a high-end Guidelines sentence within the 51 to 63 month range as calculated by Probation.

   The defendant's crimes in this case caused a great deal of harm to the half-dozen employees who were threatened into providing money to the defendant. The defendant coordinated and planned with his co-defendant which banks to rob. He helped to canvas and investigate the banks they intended to rob. And then, after he robbed the banks, he ran into the getaway car so the two could go to Atlantic City and gamble away their illegal profits. This is a serious offense when committed once. But when committed six times, it shows a disturbing pattern that suggests that the defendant will threaten and endanger others again, to support himself. See 18 U.S.C. § 3553(a)(1). The defendant was selfishly coordinating the robberies of banks by placing innocent employees in fear for their lives.

   In sum, a high-end Guidelines sentence, is necessary to reflect the seriousness of the defendant's conduct and to provide adequate deterrence to others contemplating similar crime sprees. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

V.  Conclusion

   For the foregoing reasons, the government respectfully requests that the Court impose a high-end Guidelines sentence.

            Respectfully submitted,

            RICHARD P. DONOGHUE
            United States Attorney

       By:  /s/ David Lizmi
           David Lizmi
           Assistant U.S. Attorney
           (718) 254-7010

cc:  Robert Soloway, Esq. (counsel to defendant) (by ECF)
    Clerk of Court (PKC) (by ECF)